OPIN ION of the Court, by
Ch. J. Boyle.-
— Hum - phrey Marshall, as assignee, brought an action of debt *468 against Plnl’ps Caldwell, upor a no: b • h)⅜ uu')i I*'»v t d. •: tí : payment of
The zeni^c/ of íuen hui witho't aoi.ur mude i> no c * sfe for a . o .'i >u anee j bu> >rv party ieekm^ the difeovery utieht to obtain an injunction co ftay proceedings ac law until the difeovery is made.
The con ef. fion of aihgnor made aster as fignmtni is not evidence againit aflignee.
The anfwer ©í a defendant 3s not evidence agamfl his co - defendant-. Hughes and Balm linger 'us. Wor ½, Vúl, i_5 200,
Where the iheriff neglect* ed to take a vJsaU bond, and proceeding is had agamí* de Tetida-jt and AíTiff, the fce*iA may defend - it deten • dant makes default and ilvar-3if pleads, the «verdict against ihei-iff ainne is correct t but the j figment ill rulo be a-gauht defen * ihnt and sheriff and not againit íheriff alune.
*468 r A T£ ane . < .j- mb !'•. on b ji.’ ,* vp, ( . b b nt, jub ;e tint i Bat'-’i a~ r.- w,i-, a vm (Inn ’• J r"tut red the writ (’aide,ell failing t v.m taken against ii.‘>ice kail ; to that ¡•i >*•« fined, and this h> nd ft , t ui ll. it c- nid mt bo mO - cause v»as treated as astherefor proceed-C 01 • itt dra mat Ui, ■' so uto i ¡y i' r. kiai.t, tl .t t »U Í vrd in that _;‘T* i . Cel sed, e id í ic C to e r a,gs.
After the cause teas thus remanded, the plaintiff having proceeded to take judgment in the office against, th defendant and sheriff, at the next term thereafter, th sheriff moved the court to set aside the office judgment against him without pleading, but the court overruled the motion, and the sheriff excepted to their opinion.
At a subsequent terns, the office judgment not being confirmed and the cause still standing on a writ of inquiry, the sheriff, upon an affidavit, stating that at the former term of the court, his only counsel was absent from sickness, moved the court to set aside the office judgment upon his pleading to the action. To this motion the plaintiff objected, but the court sustained the motion, and the sheriff then filed several pleas, alleging in some of them in substance, that the note was given for money won, and in others that it was lor money knowingly lent to be bet on a wager ; to these pleas the plaintiff replied, and issues were thereupon joined bet w ecn t h e p a ruts.
At the next term of the court, when the suit was called for trial, trie she riff moved lor a continuance, and for cause shewed that a bill for discovery had theretofore beer, filed by him against the plaintiff, the origiuial payee, and others through whose hands the note hud passed by assignments ; that the subpmna to answer tile bill had been served upon the plaintiff and his immediate assignor, and an order had been duly published against the original payee, none of whom had answered. The sheriff also made oath that he knew oí no person in this state, except the defendants in the hill,.or some of them, by whom he could prove the allegations of the pleas,, but the court overruled the motion for a continuance^. *469 arel the sheriff excepted to their opinion;, making the bd! and other pnx'e; d>%s in the suit in chancery a part oi Ins exceptions.
Where a fum is payable on demand, ¡nter-eft does not run until demand made : in iuch cafe mtereft before fuie brought, can* not be given without the intervention of a jury to afeer-tain the demand previous to the date of the wú^
Upon plea of ftatute of gaming to a fuit by affigneejthe defendant cannot require proof of the execution of the note or of the affign.» menta
The jurv \ ere th -n vr; dkt was iuun S u ct,cLir.uiou aien;i •, ; judgment was thc-teic only lor the two hand thereon from the day < til paid ; front that iiu secuted. •••• "M to try the issues, and a c..i sheriff, for the debt in the s. \1 n.te cent in damages, and a >ou emend against the sheriff *ed dolhtrs, with legal interest n which the nose bears date, un-gmeut this appeal has been pro-
Numerous objections are taken by the assignment of error to the proceedings in this case ; such of them as are entitled to consideration, we will notice in the order they occur in the record,
'I he first objection is taken to the refusal of the court to set aside the office judgment against the sheriff, on his motion, without pleading. This objection is founded upon the notion that the sheriff was not liable to be proceeded against in this action, he having returned the writ executed, with the name of the appearance bail endorsed on it.
By the act concerning civil proceedings, the sheriff, m cases requiring bail, is bound to return on the writ th„ name of the bail by him taken, and a copy of the bail bond ; and when he does so and the defendant fails to appear and give special bail, the bail for appearance is subject to the same judgment and recovery as the deiendant would have; been if he had appeared and given special bail. But it die sheriff shall not return bad, and a copy of the bail bond, he is subject to the same recovery as is provided in the case of appearance bail. Under this provision, it is not sufficient to excuse the sheriff from liability, that he has returned the name of the bail, he must also return the bail bond. The plain intention of the law is, that the plaintiff shall have a right to proceed against either the sheriff or the bail, and ii the sheriff has not so done his duty, that the plaintiff can proceed against the bail, the sheriff becomes himself liable. The hail bond returned in this case having been adjudged by this court wholl⅛ irrelevant to the action, it follows that the sheriff is liable to be proceeded against, as the bail would have been if the bail bond had been correctly taken. The objection under consideration is therefore untenable.
*470 The second objection is t© the refusal of the court to continue the cause, on the application of the sheriff for that purpose. That either party to an action at law may resort to a court of equity, to compel his adversary to discover such facts as may be material to his claim or defence, cannot be doubted. But in such a ease the regular course of proceeding seems to be, to obtain an injunction to stay the proceedings at law until the discovery is made. This practice shews that the filing of a bill of discovery is not of itself a sufficient cause for the continuance of the suit at law, for if it were an injunction would be unnecessary and inoperative. But furthermore, the bill as it relates to the plaintiff in this action, neither charges positively and directly that he had a knowledge of the illegality of the consideration of the note, nor does it state any facts from which a probable implication that he had suah a knowledge might arise. The absence of his answer therefore, as the bill does not shew a probability that the discovery sought would thereby have been obtained, was nota good ground for a continuance.
And as to the other defendants in the bill, their answers could have availed the sheriff nothing ; ist, because their confessions made, nicer the note had been transferred by them, could not affect the interest of the holder of the note ; and 2dly, because it is a settled rule, that the answer of one defendant in chancery cannot be read in evidence against another. Whether they could have been used as witnesses to support the defence set up by the sheriff, is a question of some doubt, which need not be decided, as we are of opinion,, for the reasons already suggested, that the cause shewn for a continuance was. not a legal and sufficient one.
A third objection is taken to the verdict, because it is against the sheriff oniy, and not against the defendant in the action also. To this objection it isa sufficient answer to observe, that the pleas were, as they ought to have been, in the name of the sheriff alone ; and there-lore the verdict, to be responsive to the issues joined upon.the pleas, ought to have been against the sheriff-only. -
The, fourth objection is, that the judgment, being against the sheriff only, is illegal. This is clearly a valid objection. . The act 'of assembly under which the' *471 proceeding against the sheriff in this case wasted, au-thorises only ajoint judgment against the defendant and sheriff, and not against the latter separately.
The objection to the judgment allowing interest from the date of the note, seems equally well founded ; the note being payable upon demand, could not legally bear interest until a demand was made. The writ has been adjudged to be a demand, and however questionable that doctrine may be upon principle, as it has been long settled and uniformly acted upon, we are not disposed to unsettle it. But without the intervention óf a jury to ascertain that a demand had been made^at an earlier period, the judgment ought not to have been for interest prior to the date of the writ.
An exception was taken by the sheriff to the opinion of the court below, overruling his objection to the note •declared on, and the assignments going in evidence to the jury, without being first proved. The objection however is entitled to no weight. Neither the note nor the assignments were put in issue by the sheriff; on the contrary, they were admitted by his pleas, and he could not require proof of them.
The judgment reversed with costs, and cause remanded for judgment to be entered agreeable to the foregoing opinion.